**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto HERNANDEZ–MARTINEZ,**
**also known as Santiago Hernandez–**
**Gonzalez, Defendant–Appellant.**

No. 05–41383.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Roberto Hernandez–Martinez appeals his sentence for being present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Hernandez–Martinez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense. that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the waiver provision in Hernandez–Martinez's plea agreement precludes his attack on the constitutionality of § 1326(b). We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Hernandez–Martinez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez–Martinez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Hernandez–Martinez properly concedes that his argument is foreclosed in light of *Almendarez–Torres*

and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.